PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RICHARD KOSMAS KATSIGIANIS, | ) |
| | ) CASE NO. 4:24CV02176 |
| Plaintiff, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| MAHONING COUNTY, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

*Pro se* Plaintiff Richard Kosmas Katsigianis filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Mahoning County, Mahoning County Juvenile Court Judge Theresa Dellick, Mahoning County Juvenile Court Magistrate Mary Ann Fabrizi, Guardian ad Litem Joshua Staton, Attorney Adam Hunt, former Mahoning County Recorder Noralynn Palermo, Mahoning County Juvenile Court Assistant Chief Deputy Clerk Paula Schultz, and several individuals identified as "clerks." (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 2), which the Court grants.

## I. Background

Plaintiff's Complaint contains references to "proceedings" in Mahoning County Juvenile Court and unidentified "actions" taken by the defendants in these proceedings. The Statement of Claim[1] consists of a list of purported "violation of rights," including the Fifth and Fourteenth

---

[1] Plaintiff also cites 42 U.S.C. § 1343, but the statute does not exist.

(4:24CV02176)

Amendment Due Process Clauses; Article III of the U.S. Constitution; 18 U.S.C. §§ 241, 242; 28 U.S.C. § 144; 42 U.S.C. § 1983; 28 C.F.R. § 76.15; lack of jurisdiction; administrative court limitation; fraudulent judicial actions; notices of fault for failure to respond to "commercial affidavit"; and "county policy/practice/custom." (*see* ECF No. 1 at PageID ## 7-9).

Plaintiff seeks damages in excess of $346,000,000; a declaration that Defendants violated his constitutional rights; immediate dismissal of "civil case in lower court"; and "immediate injunction on the lower court from taking any actions against Plaintiff." (ECF No. 1at PageID #10).

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

(4:24CV02176)

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Plaintiff's Complaint appears to arise from state court proceedings, presumably in the Mahoning County Juvenile Court, and the Court's various decisions made in connection with the Juvenile Court case.

### A. Pleading Requirements

As an initial matter, the Complaint consists only of bare, conclusory assertions, providing no facts upon which a court could find Defendants engaged in any wrongdoing.

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).

(4:24CV02176)

However, the "lenient treatment generally accorded to *pro se* litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See* Crawford v. Crestar Foods, 210 F.3d 371, at *2 (6th Cir. 2000) (holding that district courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require the courts to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See* Bassett v. Nat'l Collegiate Ath. Ass'n, 528 F.3d 426, 437 (6th Cir. 2008); *see also* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988) (holding that all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

      Here, Plaintiff's Complaint, even liberally construed, fails to meet the most basic pleading standard, as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint is almost completely devoid of facts. It contains a list of alleged constitutional violations. (ECF No.

(4:24CV02176)

1 at PageID #: 7-9). This list fails to connect any alleged occurrence to a specific, cognizable injury, and Plaintiff fails coherently to identify how each defendant has harmed him. Although Plaintiff refers to "the proceedings in Mahoning County Juvenile Court," Plaintiff fails to identify a particular case. Nor does he identify the purported conduct that violated his constitutional rights. Plaintiff's pleading, rather, is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. Without any indication of sufficient facts to determine the factual basis for his Complaint, Plaintiff fails to meet the minimum pleading requirements of Rule 8, and his Complaint must be dismissed on this basis. *Id*.

### B. The Younger Abstention

To the extent the Court can construe Plaintiff's Complaint as a request that the Court interfere with pending state court juvenile proceedings, the Court must abstain from hearing challenges to these state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).

When an individual is the subject of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id*.; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state

(4:24CV02176)

proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44. Additionally, the principles expressed in *Younger* apply to ongoing state civil and criminal proceedings. *Watts*, 854 F.2d at 844.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15.

Here, if the state court proceedings in Juvenile Court are still pending, all three factors supporting abstention are present. Juvenile Court proceedings involving domestic relations and child custody or support matters implicate important state interests. *See Butterfield v. Steiner*, No. C2-01-1224, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]") (citing *Moore v. Sims*, 442 U.S. at 430). And there is no suggestion in the Complaint that any purported claim in this federal lawsuit is barred in the state action.

6

(4:24CV02176)

Plaintiff appears to suggest that the state court lacked jurisdiction over the minor child at issue and the state court's actions violated the law. If this Court were to find merit to Plaintiff's claims, such a determination would unduly interfere with the state court proceedings. Therefore, even assuming Plaintiff had pleaded a cognizable federal claim, this Court must abstain from hearing Plaintiff's claims to the extent they are still pending in state court.

### C. The Rooker-Feldman Doctrine

To the extent, however, that Plaintiff's complaint constitutes an appeal of any state court proceeding, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (alteration in original and citations omitted). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

This Court therefore lacks jurisdiction to consider Plaintiff's complaint to the extent that Plaintiff is seeking to be relieved of the consequences of the state proceedings.

### D. Criminal Statutes

To the extent Plaintiff alleges the defendants violated 18 U.S.C. § 241 (conspiracy to deny civil rights) and 18 U.S.C. § 242 (deprivation of civil rights), his claims fail.

7

(4:24CV02176)

Sections 241 and 242 are criminal statutes and provide no private right of action to civil plaintiffs. See *Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) (citing *U.S. v. Oguaju*, 76 Fed. App'x. 579, 2003 WL 21580657, *2 (6th Cir. 2003)). To the extent Plaintiff is attempting to bring criminal charges against the defendants, he lacks standing. See *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (holding that a private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts.").

### E. 42 U.S.C. § 1983

Even if Plaintiff satisfied Rule 8 pleading requirements, to the extent Plaintiff is asserting claims pursuant to 42 U.S.C. § 1983, Plaintiff's claims fail.

To the extent Plaintiff alleges claims against Judge Dellick and Magistrate Fabrizi, these defendants are immune from suit.

It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the

8

(4:24CV02176)

action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (holding that merely acting in excess of authority does not preclude immunity).

Here, Plaintiff gives no indication that Judge Dellick and Magistrate Fabrizi were acting in any capacity other than that of a judicial officer when the conduct alleged in the Complaint occurred. Further, Plaintiff appears to object to decisions that the judge and magistrate made in connection with the Juvenile Court proceedings. Decisions concerning pending motions, jurisdictional challenges, and pretrial and trial proceedings are all actions typically performed by judicial officers in state court matters. Plaintiff has therefore not established that Judge Dellick and Magistrate Fabrizi acted clearly outside of the subject matter jurisdiction of the court over which they preside. Judge Dellick and Magistrate Fabrizi are therefore absolutely immune from damages in this action.

To the extent Plaintiff alleges claims against Mahoning County Juvenile Court, his claim fails. Absent express statutory authority, courts are not sui juris, meaning they are not an entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-cv-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court was not *sui juris*). Therefore, Plaintiff's purported claims against the Mahoning County Juvenile Court fail as a matter of law.

To the extent Plaintiff alleges claims against Mahoning County, Plaintiff fails to state a claim. Section 1983 does not permit a plaintiff to sue a local government entity on the theory of

(4:24CV02176)

*respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A plaintiff may only hold a local government entity liable under Section 1983 for the entity's own wrongdoing. *Id*. A local government entity violates Section 1983 when its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* at 694. To state a claim for relief against a municipality under Section 1983, Plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his or] her particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citation omitted). Here, Plaintiff only states in a conclusory fashion that "these constitutional violations were the result of official policies, practices, or customs . . . ." (ECF No. 1 at PageID #: 9). He does not specifically identify any policy or custom that caused a purported violation of his constitutional rights. He therefore fails to state a claim against Mahoning County.

      Finally, Plaintiff fails to state a claim for relief regarding the remaining defendants. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). "Because vicarious liability is inapplicable to. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. And where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the Complaint, the Complaint is subject to dismissal even under the

(4:24CV02176)

liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (holding that "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Here, Plaintiff does not set forth any allegations specifically connecting any of the remaining defendants to the purported constitutional violations. Rather, only their names are listed in the caption of the Complaint. Plaintiff therefore fails to state a plausible civil rights claim against these individuals.

## IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and dismisses the action pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

IT IS SO ORDERED.

March 28, 2025                  /s/ *Benita Y. Pearson*
Date                                Benita Y. Pearson
                                       United States District Judge